IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED IN OPEN COURT

AUG 2 2012

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:12-CR-217 |
| | ) | |
| MAURICIO SANTOYO VELASCO, | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

Were this matter to go to trial, the United States of America would prove the following facts beyond a reasonable doubt:

1. From on or about October 31, 2001 through in or about November 2008, within the jurisdiction of the United States, the defendant, MAURICIO SANTOYO VELASCO, and others, known and unknown, knowingly did combine, conspire, confederate and agree together and with each other to provide material support and resources, as that term is defined in 18 U.S.C. § 2339B, specifically, personnel, service, and expert advice and assistance, to a foreign terrorist organization, namely the Autodefensas Unidas de Colombia, or United Self-Defense Forces of Colombia ("AUC"), knowing that the AUC has engaged and engages in terrorist activity, as that term is defined in 8 U.S.C. § 1182(a)(3)(B), and terrorism, as that term is defined in 22 U.S.C. § 2656f(d)(2).

2. The defendant, MAURICIO SANTOYO VELASCO, is a retired general with the Colombian National Police ("CNP"). During his tenure with CNP, from approximately 1996 through approximately 1999, the defendant served as the commander in Medellín, Colombia, of the Gaula, CNP's anti-kidnapping and anti-terrorism unit. From approximately 2000 through

approximately 2002, the defendant served as commander of the Cuerpo Elite Anti-Terrorista, an elite, anti-terrorism task force. The defendant eventually rose through the ranks of CNP to attain the grade of brigadier general, and served in a number of other high profile positions, eventually retiring from CNP in 2009.

3. The AUC is a terrorist and drug-trafficking organization, formed in approximately 1997. At the height of its operations, in approximately 2000, the AUC was responsible for hundreds of assissinations and kidnappings, primarily funded with the proceeds of cocaine trafficking. The AUC controlled the production, transportation, and sale of multiple of tons of cocaine to the United States and other countries worldwide. On October 31, 2001, the United States Department of State designated the AUC as a foreign terrorist organization, and that designation remains in place as of the date of the filing of this Statement of Facts.

4. The defendant, who had served as the head of the CNP's anti-kidnapping and anti-terrorist unit, was aware that the AUC was designated by the United States Department of State as a terrorist organization and that the AUC engaged in terrorist activities, such as hostage taking and assassination.

5. During the course of this conspiracy, high-level AUC members and associates would pay substantial bribes to the defendant in exchange for the defendant's assistance in their operations, which included the commission of terrorist acts and drug-trafficking.

6. In exchange for these bribes, the defendant informed members and associates of the AUC of ongoing investigations by Colombian, British, and United States law enforcement.

7. The defendant additionally provided law enforcement information concerning, among other things, ongoing wiretaps conducted by law enforcement to AUC members, who were the targets of these wiretaps.

8. The defendant also promised to facilitate the transfer of corrupt police officers, who would further assist these AUC members in their business, as described above.

9. The defendant also notified AUC members of upcoming arrest operations, including in investigations conducted by the Colombian authorities in cooperation with the United States Drug Enforcement Administration.

10. The defendant additionally conducted unauthorized wiretaps to collect information to assist AUC members in conducting their business, as described above.

11. The acts described above were done willfully and knowingly and with the specific intent to violate the law, and not by accident, mistake, inadvertence, or other innocent reason.

12. This Statement of Facts does not contain each and every fact known to the defendant and to the United States concerning the defendant's and others' involvement in the charges set forth in the plea agreement.

13. The Statement of Facts shall be admissible as a knowing and voluntary confession in any proceeding against the defendant regardless of whether the plea agreement is presented to or accepted by a court. Moreover, the defendant waives any rights that the defendant may have under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the Statement of Facts in any such proceeding.

                Respectfully submitted,

                Neil H. MacBride
                United States Attorney

By: _____
      Michael P. Ben'Ary
      Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, MAURICIO SANTOYO VELASCO, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
MAURICIO SANTOYO VELASCO

We are MAURICIO SANTOYO VELASCO's attorneys. We each have carefully reviewed the above Statement of Facts with him. To our knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Oscar Rodriguez
Attorney for MAURICIO SANTOYO VELASCO

_____
John K. Zwerling
Attorney for MAURICIO SANTOYO VELASCO