IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 1:12-CR-217 |
| v. | ) | |
| | ) | The Honorable James C. Cacheris |
| MAURICIO SANTOYO VELASCO, | ) | |
| | ) | Sentencing: December 14, 2012 |
| Defendant. | ) | |

MOTION FOR ONE LEVEL REDUCTION PURSUANT TO U.S.S.G § 3E1.1(b)
AND POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, through its attorneys, Neil H. MacBride, United States

Attorney, and Michael P. Ben'Ary, Assistant United States Attorney, in accord with 18 U.S.C. §

3553(a) and the United States Sentencing Commission, Guidelines Manual, (Nov. 2012), files

this Motion for One Level Reduction Pursuant to U.S.S.G.§ 3E1.1(b) and Position of the United

States With Respect to Sentencing in the instant case.   The government moves for a one level

reduction of the defendant's sentencing guidelines level pursuant to U.S.S.G § 3E1.1(b) in

recognition of the defendant's timely guilty plea.  The United States has no objection to the

guideline calculations contained in the Presentence Report.  The defendant provided material

support to the United Self-Defense Forces of Colombia (known by the acronym of their Spanish-

language name, and hereinafter referred to as the AUC), a designated terrorist organization.  The

support that the defendant provided in exchange for bribes assisted AUC in carrying out its

primary functions; assassination, kidnapping, and drug trafficking.  A sentence of 15 years is

reasonable and appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

The government requests that this Court impose such a sentence.

## I.    <u>Argument</u>

As detailed in the Statement of Facts and Presentence Report, the defendant held several

high-level positions in law enforcement in Colombia.  Most notably, the defendant served as the

head of the Colombian National Police's anti-kidnapping unit in Medellín, Colombia.  As head

of that unit, the defendant had access to information concerning law enforcement activities

targeting groups that engaged in kidnappings, such as AUC.  Over the course of years, the

defendant accepted bribes in exchange for information and assistance that allowed AUC

members and allies to engage in illegal activities.  AUC and its members were openly opposed to

the Colombian government, and utilized terror and violence both as a manner of affecting the

Colombian government and as a revenue source.  There can be no question that the defendant

was aware of AUC, its activities, and its anti-government mission, given his career in Colombian

law enforcement.

Over the course of the offense, the defendant provided information to AUC members and

allies regarding law enforcement activities, such as arrest operations and ongoing wiretaps.

Some of the information that the defendant provided to the AUC pertained to operations

involving the United States Drug Enforcement Administration.  This assistance allowed AUC

members to evade detection and arrest, and there can be little doubt that AUC members were

emboldened with the knowledge that they had the protection of such a high-ranking law

enforcement official.

**The Factors Set Forth in Title 18 Call For a Sentence of 15 years of Incarceration.**

Section 3553 states that the court should consider the nature and circumstances of the offense and characteristics of the defendant.  In addition, it states that the court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2)(A) & (B).  In addition, the sentence should protect the public from further crimes of the defendant and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) & (D).  A sentence of 15 years reasonably and appropriately accounts for the factors set forth in 18 U.S.C. § 3553(a).

1.      **Nature and Circumstances of Offense**

Law enforcement officials, in Colombia as in the United States, are tasked with protecting the citizens from criminals and are entrusted with the responsibility to detect, apprehend, and bring these criminals to justice.  When law enforcement officials instead assist the criminals in continuing to commit crime, there is a dual impact.  This conduct allows criminals to continue to commit crimes, and to do so with the knowledge that they are unlikely to be brought to justice. Additionally, such an offense erodes public confidence in law enforcement, and this erosion of confidence makes the task of honest law enforcement officials immeasurably more difficult.  The defendant's offense is serious because it contributed to the commission of the worst types of crimes, including assassination, kidnapping, and drug-trafficking.  His offense is likewise serious because of the negative impact his conduct will continue to have on law enforcement activities in Colombia.

**2.**      **Characteristics of the Defendant**

The Court should consider the defendant's career in law enforcement in fashioning an appropriate sentence.  While the defendant should get credit for his service, the Court should also recognize that the defendant's high-level within Colombian law enforcement contributed to the serious nature of the offense.  The defendant was paid for his access to information and influence because of his high position.

**3.**      **Deterrence**

A sentence of 15 years will send a strong message that those who commit these types of crimes will be sentenced to long periods of incarceration.  As highlighted above, the impact of a law enforcement official assisting a designated terrorist group is devastating.  The sentence in this case must send a clear message that anyone that provides material support to terrorists, no matter where they are found or what position they hold, will be sentenced to a long period of incarceration.

## II.      Conclusion

The defendant provided material support to AUC, a terrorist group engaged in

assassination, kidnapping, and drug-trafficking.  For the reasons stated, the United States asks

this Court to impose a sentence of 15 years of incarceration.


Respectfully Submitted,

Neil H. MacBride
United States Attorney


By:      _____/s/_____
Michael P. Ben'Ary
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Facsimile: (703) 837-8242
Michael.Ben'Ary2@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of December 2012, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will then send a notification of such

filing (NEF) to the following:


Oscar Rodriguez, Esq.
John Zwerling, Esq.
Counsel for Mauricio Santoyo Velasco

I hereby certify that I will cause a copy to be delivered to:

Karen Moran
Senior U.S. Probation Officer


_____/s/_____

Michael P. Ben'Ary
Attorney for the United States of America
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Facsimile: (703) 837-8242
Michael.Ben'Ary2@usdoj.gov
